# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-537-FDW
# (3:95-cr-00005-FDW-6)

| | |
|---|---|
| ERNEST JUNIOR MASSEY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1).

## I. BACKGROUND

In September 1995, Petitioner was sentenced to 480-months imprisonment following conviction for conspiracy with intent to distribute, and distribution of cocaine base within 1000 feet of a protected area, in violation of 21 U.S.C. §§ 846 & 860. (3:12-cr-05, Doc. No. 274: Judgment in a Criminal Case; Doc. No. 923: Presentence Investigation Report "PSR" at 1). Petitioner's conviction and sentence were upheld on appeal by the United States Court of Appeals for the Fourth Circuit. United States v. Massey, No. 95-5743 (4th Cir. filed July 15, 1996). On or about October 31, 1996, the United States Supreme Court denied Petitioner a writ of certiorari. (Doc. No. 437).

On August 17, 2012, Petitioner filed the present Section 2255 motion contending that based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he no longer qualifies for the career offender enhancement he received in 1995 because he does not have the requisite prior felony convictions. (3:12-cv-537, Doc. No. 1 at 4).

For the reasons that follow, Petitioner's Section 2255 is without merit and will be denied and dismissed.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of, as is relevant for the present inquiry: (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Petitioner contends that he is entitled to relief under United States v. Simmons as the Court has changed the way that prior felony convictions are to be considered when, as is pertinent here, calculating prior criminal history. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons,

2

649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner argues that the Simmons Court "interpreted Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) to compel the result that individuals sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as 'felons' unless the individual defendant had been exposed to a sentence of imprisonment in excess of one year." (Doc. No. 1 at 4). Petitioner is well aware that his Section 2255 motion was filed miles outside of the one year time limitation set forth in the 1996 AEDPA. Petitioner explains however that the Simmons Court's interpretation of Carachuri-Rosendo entitles him to equitable tolling. In order to be entitled to equitable tolling, Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Where, as here, Petitioner presents a meritless claim, the application of equitable tolling clearly cannot apply because he has no right to collateral relief. Accordingly, Petitioner's Section 2255 motion will be dismissed as untimely.

Petitioner concedes that at the time he was sentenced in 1995, his sentence was proper in light of the controlling law of the Fourth Circuit. Petitioner was sentenced under the 1994 version of the U.S. Sentencing Guidelines Manual. In his PSR, the probation officer calculated Petitioner's total offense level as 39 based on the criminal conduct at issue in this underlying

3

criminal case and without regard to any prior convictions. While the PSR found that Petitioner qualified as a Career Offender under the Guidelines based on his prior criminal convictions, the PSR recommended the Court find that Petitioner be sentenced at a level 39, rather than the level 37 which was Petitioner's offense level as a Career Offender. (Doc. No. 923: PSR ¶ 42).

The PSR further calculated Petitioner's total criminal history points at 17, and found that this criminal history placed him in criminal history category VI. (PSR ¶ 59). The criminal history calculation was proper. Under USSG § 4A1.1(a), 3 total criminal history points are added for each prior sentence exceeding one year and one month. The evidence from Petitioner's PSR shows the following criminal sentences and the resulting criminal history points:

1. Housebreaking and Larceny, 16 years imprisonment, 3 points, PSR ¶ 45;
2. Breaking and Entering, 7 years imprisonment, 3 points, PSR ¶ 46;
3. Common Law Robbery, 3 years imprisonment, 3 points, PSR ¶ 47;
4. Larceny, 2 years imprisonment, 3 points, PSR ¶ 53;
5. Driving While Impaired, 22 days imprisonment, 1 point, PSR ¶ 48;
6. Assault upon a Law Enforcement Officer, 30 days suspended sentence, 1 point, PSR ¶ 51; and
7. Assault, 2 days imprisonment, 1 point, PSR ¶ 54.

Finally, 2 points were added to the above 15 criminal history points because the offense of conviction in this underlying criminal case was committed while Petitioner within 2 years of Petitioner's release from prison. (PSR ¶ 58). See USSG § 4A1.1(e).

A review of the 1994 Sentencing Table demonstrates that with an offense level of 39 and a criminal history level of VI, Petitioner's guideline range was 360 months to life imprisonment although even with a total offense level of 37, Petitioner still would have been subject to the same sentencing range.

As observed herein, Petitioner was sentenced on the higher total offense level of 39 and was not in fact sentenced at the level of 37. Petitioner received a sentence of 480 months which

is well within the 1994 Guidelines range of 360 to life, and Petitioner does not contend here that the calculations from his PSR were erroneous. Thus even if Petitioner's arguments regarding his prior convictions were correct, it would be of no consequence because Petitioner was sentenced based on the offense conduct in his underlying criminal case and his properly calculated criminal history level of VI. However, either sentence would carry a Guideline range of 360 months to life and would be proper and within the range allowed by law. See 28 U.S.C. § 2255(a) (providing relief from a sentence which is in excess of that as authorized by law).

### IV.    CONCLUSION

Petitioner has failed to demonstrate that he has a meritorious claim and therefore he has failed to show that he could benefit from the equitable tolling of the one-year statute of limitation.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 5, 2012

Frank D. Whitney
United States District Judge